IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DOUGLAS RAY STEPHENS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 1:05-CV-854 |
| v. | § | |
| | § | |
| CORRECTIONAL SERVICES CORP., | § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § | |
| | § | |

## **ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Defendant, a private jail corporation, asserts it has sovereign immunity, and seeks dismissal of a pre-trial detainee's negligence claim.  Defendant also contends Plaintiff failed to plead a viable cause of action under 42 U.S.C. § 1983.  The Texas Legislature has not extended sovereign immunity to private corporations which maintain jails.  Defendant was acting under color of state law and Plaintiff has pled a potential cause of action under § 1983 for failure to train and/or supervise.  Accordingly, Defendant's motion is denied.

### **I. Background**

Plaintiff Douglas Ray Stephens filed suit against Defendant Correctional Services Corp. ("CSC") on December 19, 2005.  Stephens alleges that while housed as a pre-trial detainee at the Jefferson County Corrections facility, which is managed, maintained and controlled by CSC, he was placed with violent criminals who threatened his life.  Stephens alleges he informed CSC personnel of the death threats and CSC took no action.  Stephens then alleges that he was severely beaten by three prisoners and suffered life-threatening injuries.

Stephens seeks to recover under theories of common law and statutory negligence for being subjected to an unreasonable risk of harm.  Stephens also alleges a cause of action under

42 U.S.C. § 1983 for alleged constitutional violations of the Eighth and Fourteenth Amendments to the United States Constitution. Specifically, Stephens alleges that CSC failed to train and/or supervise its employees and agents and the failure to train and/or supervise constitutes deliberate indifference. CSC has moved to dismiss both causes of action.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." On motion under Fed. R. Civ. P. 12(b)(6), the court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). Dismissal is proper only if there is either (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988). Unless a Fed. R. Civ. P. 12(b)(6) motion is converted to a summary judgment motion, the court may not consider material outside the complaint. *See Powe v. Chicago,* 664 F.2d 639, 642 (7th Cir. 1981).

The court must accept as true all material allegations in the complaint as well as any reasonable inferences to be drawn from them. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982). The well-pleaded facts must be reviewed in the light most favorable to the plaintiff. *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir. 1995). A plaintiff must allege specific facts, not conclusory allegations. *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir. 1989). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). A pleading "need not specify in exact detail every possible theory of recovery--it must only 'give

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Thrift v. Estate of Hubbard,* 44 F.3d 348, 356 (5th Cir. 1995) (quoting *Conley,* 355 U.S. at 47).

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46, 78 S. Ct. 99; *Kaiser Aluminum,* 677 F.2d at 1050. "'The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Id.* (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1357 (1969)).

## III. Analysis

### A. Defining CSC

Plaintiff states in his complaint, without contradiction from Defendant, that CSC manages, maintains, and controls the Jefferson County Corrections facility under a contract with local and governmental entities. The parties dispute whether this entitles CSC to sovereign immunity for state law claims and whether CSC would be operating "under color of state law" for Plaintiff's federal claims. The resolution of these issues depends on CSC's legal status as an entity and the source of its authority to house prisoners. The court concludes that defining CSC's legal status is a question of law, and the parties have not suggested otherwise.

#### 1. CSC under Texas law

Under the common-law doctrine of sovereign immunity, a government could not be sued without its consent. *See State v. Terrell*, 588 S.W.2d 784, 785 (Tex. 1979). The consent is typically derived from the Texas Constitution or a statute. *Id.* Governmental entities in Texas enjoy the same sovereign immunity from suit, absent a constitutional or statutory waiver. *See*

*City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994); *City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex. 1998). The Texas Tort Claims Act provides a limited waiver of sovereign immunity in some cases. *See* Tex. Civ. Prac. & Rem. Code § 101.021. However, the issue here is not whether there is a valid statutory waiver, it is whether CSC would be entitled to the defense of sovereign immunity.

CSC could be entitled to sovereign immunity if the Texas Constitution established it as a governmental entity. It does not. Alternatively, there might be a statute placing CSC in the status of a county or special district. *See GLF Const. Corp. v. LAN/STV*, 414 F.3d 553, 556-57 (5th Cir. 2005). In *GLF*, the Court held that an independent contractor for a legislatively created entity, the Dallas Area Rapid Transit, which performed DART's public transportation functions, as defined by Tex. Trans. Code § 452.001, was effectively placed in DART's shoes for purposes of liability. *Id.* at 557; *see* Tex. Rev. Civ. Stat. Ann. art. 6550d. Being subject to the same liability as DART under the statute, the Court found that the contractor would also be entitled to the same immunity (i.e., sovereign immunity). *Id.*

The same can not be said for an independent contractor which contracted with the City of Alton for waste water collection. *City of Alton v. Sharyland Water Supply Corp.*, 145 S.W.3d 673, 681-82 (Tex. App. -- Corpus Christi 2004, no pet.). In *Sharyland*, there was no statute or other legislation at issue. CSC has failed to direct the court to a statute granting it governmental or quasi governmental status, similar to the one in *GLF*, and the court has found none.

Tex. Civ. Prac. & Rem. Code 101.001(3) defines "governmental units." Tex. Civ. Prac. & Rem. Code § 101.0215(a) lists government functions of a municipality. Although

"establishment and maintenance of jails" are governmental functions under § 101.0215(a), jail services provided by a private entity are not.

The court is not going to bestow governmental status or sovereign immunity on private corporations. This task is unequivocally reserved for the legislature. It has not passed such legislation. Therefore, CSC is not entitled to "sovereign immunity."

### 2. CSC under Federal law

The second question is whether CSC can be liable under 42 U.S.C. § 1983. To establish a cause of action under § 1983, the plaintiff must show that the deprivation of a Constitutional right was caused by a person or persons acting under color of state law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 1604 (1970). Under color of state law has been defined as functions that are "traditionally the exclusive prerogative of the state." *Blum v. Yaretsky*, 457 U.S. 991, 1011, 102 S. Ct. 2777, 2789 (1982). The maintenance of a prison system is something "traditionally reserved to the state." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991), *cert. denied*, 503 U.S. 989 (1992). Accepting the pleadings as true, CSC performs the same public functions as a municipal entity in maintaining jail facilities. It therefore may be sued under 42 U.S.C. § 1983. *See Rosborough v. Management & Training Corp*, 350 F.3d 459, 460-61 (5th Cir. 2003); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). It may seem contradictory to hold CSC liable for performing functions traditionally reserved to the state, while at the same time denying CSC sovereign immunity. This dichotomy must be resolved by the Texas Legislature.

### B. State Law Claims

Plaintiff has alleged CSC is liable under statutory and/or common law negligence. To the extent Plaintiff is asserting that a specific statute covers his cause of action, he has not alleged one in his complaint. Accordingly, any claim of negligence based on a violation of a statute is dismissed.

Common law negligence consists of three essential elements: (1) a legal duty owed to the plaintiff by defendant; (2) a breach of that duty; (3) damages proximately resulting from the breach. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). It is well-established that when a person is taken into custody and held against his will, "the Constitution . . . imposes a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 199-200, 109 S. Ct. 998, 1005 (1989). Because a "special relationship" exists between the prisoner and the prison officials, CSC has a general duty to protect Plaintiff's well-being and ensure his "reasonable safety" while incarcerated. *Id.* at 200-01. Plaintiff has alleged that CSC breached this duty by not properly segregating Plaintiff from other violent inmates and because of that breach Plaintiff suffered damages. Defendant's motion to dismiss the negligence cause of action is denied.

### C. Federal Law Claims

Liability of an entity under § 1983 can be predicated upon a policy or custom of not training and/or supervising its employees. *Shields v. Twiss*, 389 F.3d 142, 151 (5th Cir. 2004). A claim for failure to train and/or supervise can be established by showing "(1) the [official] failed to train or supervise the officers involved; (2) there is a casual connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the

6

failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Burge*, 336 F.3d at 370 (quoting *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001)); *City of Canton v. Harris*, 489 U.S. 378, 392, 109 S. Ct. 1197 (1989)).

Stephen's claim is that CSC failed to train and/or supervise its employees, regarding proper inmate segregation. He alleges that CSC's failure to train and/or supervise its employees constitutes deliberate indifference to his Constitutional rights and the violations were the proximate cause of his injuries. Stephens has pled a viable cause of action under § 1983.

### III. Conclusion

There is a dispute with regards to CSC's status under state law. The court is not going to usurp the prerogatives of the Texas Legislature and extend sovereign immunity to private corporations. There is really no dispute as to whether CSC can be sued under § 1983. No evidence is before the court so the court has no opinion as to the merits of Plaintiff's claims. But, Plaintiff's pleadings of negligence under Texas law and failure to train and/or supervise under § 1983, are sufficient to avoid dismissal under Rule 12(b)(6).

IT IS THEREFORE ORDERED that Defendant Correctional Services Corporation's Motion to Dismiss is **DENIED**.

So **ORDERED** and **SIGNED** this **12** day of **April, 2006.**

_____
Ron Clark, United States District Judge